**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000349
21-JUL-2026
08:21 AM
Dkt. 84 SO**

NO. CAAP-25-0000349

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HYE JA CHOI, Plaintiff-Appellant, v.
ALOHA PACIFIC FEDERAL CREDIT UNION, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-24-0007958)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Hye Ja **Choi**, representing herself, appeals from the *Judgment* for **Aloha Pacific** Federal Credit Union entered by the District Court of the First Circuit, Honolulu Division.[1] She challenges the district court's *Order Granting Defendant Aloha Pacific Federal Credit Union's Motion for Summary Judgment Against Plaintiff Hye Ja Choi* and its denial of her objection to Aloha Pacific's attorneys' fees and costs. We affirm.

Choi sued Aloha Pacific for closing her deceased husband's account, "causing trouble and loss." She amended her complaint. She alleged that Aloha Pacific did not tell her about all of her husband's accounts and, by the time she discovered an additional account, someone had taken the money.

Aloha Pacific moved for summary judgment. An order granting the motion, an order awarding attorney fees and costs to Aloha Pacific, and the Judgment were entered. This appeal followed.

---

[1]   The Honorable Michelle N. Comeau presided.

Aloha Pacific challenges jurisdiction.  The Judgment was entered on March 14, 2025.  On March 20, 2025, Choi filed an objection to the order awarding fees and costs.  It was in substance a timely motion for reconsideration of the award under Rule 59 of the District Court Rules of Civil Procedure (**DCRCP**) that tolled the deadline for Choi to appeal.  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3).  Choi filed a premature notice of appeal on April 15, 2025.  It was deemed filed on April 21, 2025, when the district court entered its order denying reconsideration.  HRAP Rule 4(a)(2).  We have jurisdiction over Choi's appeal.

Choi's amended opening brief does not comply with HRAP Rule 28(b).  Because she doesn't have an attorney, we address what we discern to be her arguments.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  But we disregard the exhibits to Choi's brief because they are not part of the record. HRAP Rule 28(b)(10).

We review a grant of summary judgment *de novo*.  Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013).  Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  When (as here) the summary judgment movant does not bear the burden of proof at trial, it has the burden to show (1) there is no genuine issue of material fact on the essential elements of the claim or defense addressed by the motion, and (2) the uncontroverted facts entitle it to judgment as a matter of law.  Id. at 56, 292 P.3d at 1286.

Choi's husband, Michael **Yoshida**, died on October 28, 2020.  Choi was appointed personal representative of Yoshida's estate on December 11, 2020.

Aloha Pacific's motion for summary judgment was supported by the declaration of its vice-president, Kristopher **Kono**, and several exhibits.  Yoshida had two personal accounts with Aloha Pacific.  He was the sole owner of both accounts.

One personal account (\*\*\***116**) had a balance of $154,780.10 when Yoshida died.  Choi was a "Payable on Death

(POD)" beneficiary of that account. Kono's declaration stated: "For POD accounts, when the member dies, the Credit Union's policy is that the account is closed and the funds are disbursed to the POD beneficiary." Aloha Pacific paid the full account balance to Choi by cashier's check dated January 11, 2021.

Yoshida's other personal account (**\*\*\*403**) had a balance of $233,837.35 when he died. Choi was not a beneficiary of that account. Aloha Pacific paid the full account balance to the Estate of Michael Yoshida by cashier's check dated July 30, 2021. The cashier's check was tendered to Choi, as personal representative of Yoshida's estate.

Yoshida also had a **Trust Account** with Aloha Pacific. It was owned by the Michael K. Yoshida GST Exempt Trust. Yoshida was the trustee. Choi was not an owner, trustee, or successor trustee of the Trust Account. Yoshida's brother, **Raymond** Yoshida, was the successor trustee. The Trust Account is controlled by Raymond, as successor trustee. Aloha Pacific did not disclose information about the Trust Account to Choi because she wasn't an owner, joint account holder, trustee, successor trustee, or beneficiary of the Trust Account.

Aloha Pacific sustained its burden, as the summary judgment movant, to show it properly handled Yoshida's accounts after his death. The burden then shifted to Choi to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87.

Choi's opposition memorandum stated she "never said" she "did not receive money from the defendant bank regarding the deceased's accounts \*\*\*116 and \*\*\*403." But she claimed that both accounts were set up for $500 automatic monthly withdrawals, and she "gave her consent to close the \*\*\*116 account" after Aloha Pacific negligently told her the "-$500 recorded every month in account \*\*\*116 is only a formality in the records[.]" She argues if she had known there was an automatic monthly transfer she would not have consented to close \*\*\*116. She offered no evidence or legal authority to show her consent was

required to close ***116. Nor did she offer evidence to controvert Kono's testimony that Aloha Pacific's policy is to close a POD account when the member dies and disburse the funds to the beneficiary, as it did here.

As for the Trust Account, Choi argued: "According to Hawaiian law, all of [Yoshida]'s assets were inherited by [Choi] as his wife." She did not cite any law, but stated she "cannot find precedents and laws" because she "is a non-native speaker and has insufficient English skills, etc.," and asked the district court to "find and review laws and precedents that correspond to [her] claims and dismiss [Aloha Pacific]'s request." That is not the district court's function on a motion for summary judgment.

Choi also argued she didn't have time to prepare and submit evidence to oppose the motion for summary judgment, but she did not submit an affidavit or declaration required by DCRCP Rule 56(f) to obtain a continuance on the hearing.

Choi failed to sustain her burden as the party opposing summary judgment. The uncontroverted evidence showed that Choi received all funds in Yoshida's Aloha Pacific accounts to which she was entitled after Yoshida's death. Choi did not show that Aloha Pacific owed her any other legal duty. The district court did not err by granting Aloha Pacific's motion for summary judgment.

Choi makes several arguments on appeal that she did not make to the district court. Those arguments are waived. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007); Hawaii Revised Statutes (**HRS**) § 641-2(b) (2016) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner.").

Aloha Pacific filed a declaration regarding attorney fees and costs, supported by detailed time sheets, on March 11, 2025. The district court approved the fees and costs on March 14, 2025. On March 20, 2025, Choi filed an objection to the award, which we construe as a motion for reconsideration. The district court denied Choi's objection.

We review an order granting or denying attorney fees for *abuse of discretion*. <u>Cowan v. Exclusive Resorts PBL1, LLC</u>, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025). Choi argued the hourly rates charged and time spent were unreasonable, and the fee claim was "false and fraudulent." We conclude the district court did not abuse its discretion by approving Aloha Pacific's attorneys' fees and costs under HRS § 607-14 (2016).

The March 14, 2025 Judgment is affirmed. Choi's motion for retention of oral argument is denied. All other pending motions are denied as moot.

DATED: Honolulu, Hawaiʻi, July 21, 2026.

On the briefs:

Hye Ja Choi,
Self-represented
Plaintiff-Appellant.

Kevin W. Herring,
Robert I. Park,
for Defendant-Appellee
Aloha Pacific Federal
Credit Union.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge